IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
                                                    :

NOVITAZ, INC.                        :                  3:13 CV 1613 (JBA)
                                                    :
V.                                               :
                                                    :
SHOPKICK, INC.                      :                  DATE: AUGUST 6, 2014
                                                    :
------------------------------------------------------X

## RULING ON PARTIES' DISPUTE OVER PROTECTIVE ORDER

On November 4, 2013, plaintiff commenced this patent infringement action (Dkt. #1); on February 21, 2014, defendant filed its answer, affirmative defenses and counterclaim (Dkt. #26). On March 19, 2014, defendant filed its Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. #33), which is pending before U.S. District Judge Janet Bond Arterton. (See also Dkts. ##35-37). On June 13, 2014, Judge Arterton referred this file to this Magistrate Judge to supervise discovery. (Dkt. #39; see also Dkts. ##43-44, 46-47).

As agreed upon by counsel during the telephonic discovery conference held on June 25, 2014, on July 7, 2014, plaintiff's counsel forwarded a five-page letter to this Magistrate Judge, with a copy to defense counsel;[1] ten days later, defense counsel forwarded a six-page letter to this Magistrate Judge, with a copy to plaintiff's counsel.[2]

While the parties are agreeable to a patent prosecution bar which precludes those

---

[1] The following three exhibits were attached: copy of plaintiff's Proposed Supplemental Protective Order (Exh. A); copy of defendant's Proposed Supplemental Protective Order (Exh. B); and a redline comparison (Exh. C).

[2] The following three exhibits were attached: another copy of defendant's Proposed Protective Order (Exh. 1); copy of Patent Local Rule 2-2 Interim Model Protective Order issued in the U.S. District Court Northern District of California (Exh. 2); and copy of sample Protective Order in patent cases in the U.S. District Court for the Eastern District of Texas (Exh. 3).

If either party files an objection to this ruling, then the two letters will be docketed on CM/ECF.

who view source code from being involved as competitive decision makers in patent prosecution activity, there remain five issues at dispute: (1) does the patent prosecution bar apply just to those who review source code, or also to those who review attorneys-eyes-only ["AEO"] materials (with plaintiff arguing that the patent prosecution bar should only apply to those who review source code, while defendant maintains that the patent prosecution bar should apply to both); (2) does the patent prosecution bar apply to post-grant activities that cannot add new matter to the patent (with plaintiff arguing that the patent prosecution bar should apply only to filing of new applications where new matter can be added and post-grant activities should be excluded, while defendant maintains that certain post-grant activities (i.e., the filing of a request for the Patent and Trademark Office ["PTO"] to reexamine a patent) should be excluded while most post-grant activities should not); (3) while both parties agree that the party producing source code may do so by installing it on a secured computer, the parties disagree as to who is in charge of the secured computer (with defendant arguing that the secured computer must remain in outside counsel's office, while plaintiff posits that the party receiving the source code should maintain the secured computer); (4) whether outside counsel must disclose the identification of the consultants with whom they intend to share the other party's AEO information and allow for the resolution of any objections before such disclosure is made; and (5) whether certain clarifications to the Protective Order should be adopted, when plaintiff has voiced no objection to them. (Plaintiff's July 7 Letter, at 1-2, 4-5; Defendant's July 17 Letter, at 1).

With respect to the first issue, plaintiff argues that a patent prosecution bar is "a drastic remedy" that "should be construed as narrowly as possible[,]" and that in patent litigation, marketing literature and user manuals that software companies "regularly" provide

2

to their customers and potential customers are often classified as AEO, but do not deserve the added burden of a patent prosecution bar. (Plaintiff's 7/7/14 Letter at 2). In contrast, defendant has listed other documents commonly identified as AEO in patent litigation, such as "highly technical disclosures of . . . products that . . . give . . . unfettered insight into the operation of commercial products[,]" and financial reports, all of which should be governed by the patent prosecution bar. (Defendant's 7/17/14 Letter at 3).

In recent decisions in various courts, the protective orders, or proposed protective orders, at issue governed both source code and AEO materials, see. e.g., Buysafe, Inc. v. Google, Inc., Civ. No. 3:13 CV 781 (HEH), 2014 WL 2468553, at *1, n.1 (E.D. Va. June 2, 2014)(without discussion); EPL Holdings, LLC v. Apple, Inc., No C-12-04306 (JST)(JSC), 2013 WL 2181584, at *2 (N.D. Cal. May 20, 2013)(without discussion), or even just AEO, see. e.g., Clayton Corp. v. Momentive Performance, Materials, Inc., No. 4:12 CV 1349 (AGF), 2013 WL 2099437, at *1, n1. (E.D. Mo. May 14, 2013)(without discussion). Thus, the protective order will include defendant's language on this issue, but with the following exclusion – promotional materials and user manuals routinely given to third parties, such as customers and prospective customers, ought not to be covered by the patent prosecution bar, even if they are designated as AEO.

With respect to the second issue, plaintiff argues that post-grant activities should be excluded from the patent prosecution bar, because it is "not . . . seeking to gain technical advantages" but rather "is here to enforce its patent rights and to recover for [d]efendant's improper utilization of [plaintiff's] technology." (Plaintiff's 7/7/14 Letter at 2-3). According to plaintiff, "regardless of what [plaintiff] learns in any given litigation, it is impossible to add any of that information to a patent during any post-grant activities[,]" so that "a patent

prosecution bar for post-grant activities is unnecessary." (Id. at 3). Defendant argues that once the prosecution bar is triggered, it should apply to all prosecution before the PTO, but as a compromise, defendant has agreed to exempt inter partes review and covered business method review proceedings from the prosecution bar. (Defendant's 7/17/14 Letter at 2-3).

This issue was addressed at some length in this Magistrate Judge's Ruling on Defendant's Motion for Protective Order, filed today in Protegrity Corp. v. Epicor Software Corp., No. 13 CV 1781 (JBA), Dkt #40. For the same reasons as stated on pp. 2-7 in the Protegrity ruling, the parties will be governed by defendant's draft, as modified by the decision in EPL Holding and with defendant's concession, namely that patentee counsel should not be banned from reexamination proceedings so long as: (1) the proceedings are not initiated by the patentee; (2) counsel expressly agrees that in the reexamination it will not rely on any confidential information supplied by the opposing party; (3) litigation counsel may participate in third-party initiated review proceedings so long as counsel is prohibited from assisting in any crafting or amendment of patent claims; and (4) inter partes review and covered business method review proceedings are exempted. See EPL Holding, 2013 WL 2181584, at *3-4 (citations omitted).

Regarding the third issue, plaintiff argues that the party receiving the source code on a secured computer ought to maintain the secured computer, whereas defendant posits that the secured computer ought to remain in outside counsel's office. (Plaintiff's 7/7/14 Letter at 4-5; Defendant's 7/17/14 Letter at 4). Plaintiff also objects to defendant seeking to limit plaintiff to printing no more than 150 pages of paper at time, and requiring the producing party to review the print outs first (Plaintiff's 7/7/14 Letter at 4); defendant does not address the page limit in its letter or the prior review in its letter. Most of this third issue was also

addressed in today's decision in <u>Protegrity</u>.  For the same reasons as stated on p. 7 in the <u>Protegrity</u> ruling, it would appear that defendant's suggestion is the more appropriate one – that the secure computer remain in either outside counsel's offices or if the producing party agrees, at a third party escrow facility.  And as in the <u>Protegrity</u> decision regarding page limits (at 7-8, n.4), defendant's proposal is reasonable, in that it allows for the parties to agree to increase the number of printed pages beyond 150 pages, and in the absence of agreement, to seek a resolution from the court.   The Magistrate Judge agrees with plaintiff, however, that the requesting party need not show, and essentially receive  permission for, which specific pages it has printed from the secure computer.

The last two items only appear in defendant's July 17, 2014 Letter, as to which plaintiff has not responded, nor sought permission to respond.  The fourth issue  concerns consultants and experts – while the parties agree that source code cannot be revealed to consultants or experts prior to disclosure and an objection period, plaintiff apparently refuses to apply this provision to AEO information as well as to "mere" confidential information, as long as "highly confidential financial and technical information . . . doesn't rise to the level of source code."  (Defendant's 7/17/14 Letter at 4-5).   The Magistrate Judge agrees that such protection ought to extend to AEO information as well as confidential information, and not just source code.

The last item concerns the remaining provisions of defendant's proposals as to which plaintiff has not objected or has not responded.  (Defendant's 7/14/14 Letter at 3, 5).  In the absence of any objection by plaintiff, these provisions will be included in the Protective Order.

Accordingly, **on or before September 30, 2014**, counsel shall submit a revised Protective Order consistent with this ruling.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[3]

Dated at New Haven, Connecticut, this 6th day of August, 2014.

     /s/ Joan G. Margolis, USMJ
   Joan Glazer Margolis
   United States Magistrate Judge

---

[3]If either counsel believes that a settlement conference before this Magistrate Judge could be productive, he or she should contact Chambers accordingly.