ELECTRONIC ORDER IN <u>NOVITAZ, INC. V. SHOPKICK, INC.</u>, 13 CV 1613 (JBA)

9/23/14 – On March 31, 2014, the parties filed their Rule 26(f) Report of Parties' Planning Meeting (Dkt. #34), which included Exhibit A, entitled "Proposed Pretrial Deadlines." On June 13, 2014, U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery. (Dkt. #39). On July 7, 2014, counsel filed their Amended Exhibit A to Parties' March 31, 2014 Rule 26(f) Report, which was approved by this Magistrate Judge the same day ["July 2014 Schedule"]. (Dkts. ##46-47; <u>see also</u> Dkts. ##43-44). Of the twenty-six entries on the scheduling order, the first entry was "Anticipated Order on Protective Order Disputes[,]" with a terminal date of July 31, 2014. In a footnote, counsel represented that "[t]he parties will work together in good faith to propose an adjusted schedule should the Court not issue an order on the protective order issues by July 31, 2014." Yet two months later, in an astonishing showing of lack of good faith, the protective order issue has not been resolved due to the intractability of counsel; additional briefs are due on a further issue by September 30, 2014. (<u>See, e.g.</u>, Dkts. ##38, 40-41, 43-45, 48-55, 57-64). Thus, the protective order will not be fully resolved until sometime in October, assuming that the parties do not find yet another issue to raise.

On September 17, 2014, both parties submitted letter-briefs to this Magistrate Judge's Chambers, by way of facsimile machine, with respect to the deadlines that have lapsed in the July 2014 Schedule. In these letters, each party portrays itself as complying with the Court's orders, while accusing the opposing party of seeking to delay the proceedings. For example, plaintiff claims that its sixty-nine page initial infringement contentions were complete and timely and will be supplemented once plaintiff has access to defendant's source code, and that it is defendant that is attempting to postpone the claims construction process, to which plaintiff objects. In contrast, defendant argues that plaintiff's infringement contentions are not complete in that they do not refer to any source code, and requests that the Court hold that the existing contentions are binding or that the Court impose a new schedule; in addition, defendant complains that any changes to which plaintiff agreed resulted in a "truncated time period[s]" for defendant.

Suffice it to say, a complete protective order, covering all issues with respect to source code, will not be filed until more than two months after the originally anticipated date of July 31, 2014. As a result, it seems only fitting that the twenty-five entries that follow in the July 2014 Schedule ought to be postponed by ten weeks, keeping the spacing as close as possible to the original schedule, while taking into account that most people like to spend time with their families for the holidays in late November and in late December. Counsel are to impose themselves upon the Court if and only if they are unable, after <u>diligent</u> effort, to agree upon a revised schedule.

The August 22, 2014 Electronic Order (Dkt. #54) provided as follows: "Counsel are hereby forewarned that if discovery and scheduling matters continue at this frenetic (and unnecessary) pace and tone, the Magistrate Judge will not hesitate to appoint a Special Master to supervise discovery, the expenses for which will be borne by the parties." Nothing has improved in the last month. If this lawsuit remains in this district (<u>see</u> Dkts. ##33, 35-37, 56), the Magistrate Judge <u>will</u> appoint a Special Master to supervise discovery, the expenses for which will be borne by the parties.