UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVITAZ, INC., <br>         Plaintiff, <br>     v. <br> SHOPKICK, INC., <br>         Defendant. | Case No. 14-cv-05077-WHO <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY WITHOUT PREJUDICE; ADDRESSING DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 105, 113, 120 |

This order addresses defendant Shopkick's motion to stay and two discovery disputes raised by the parties.

**I.  MOTION TO STAY**

Plaintiff Novitaz alleges that defendant Shopkick infringes its United States patents numbers 7,962,361 and 8,229,787. Dkt. No. 1. On November 19, 2014, Shopkick filed three petitions for *inter partes* review with the Patent and Trial Appeal Board ("PTAB"). The three petitions challenge the validity of all of the claims of the two patents-in-suit. The PTAB must grant or deny the petitions by June 2, 2015. Shopkick moves to stay this matter pending resolution of its petitions for *inter partes* review. Dkt. No. 105. Novitaz argues that the motion is premature as the PTAB has not yet decided whether to grant any of the petitions. Dkt. No. 110.

Shopkick's motion is premature and is DENIED WITHOUT PREJUDICE. Shopkick is likely correct that *inter partes* review of the patents-in-suit would simplify the matters at issue in this case. But the PTAB has not yet decided whether to institute review. The mere requests for review do not simplify this matter. *See, e.g., TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corporation*, No. 13-cv-02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013) ("in most cases, the filing of an IPR request by itself does not simplify the issues in question and trial of the

1 case"); *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 WL 66415, at *2
2 (N.D. Cal. Jan. 5, 2015) ("IPR, if granted, would increase the likelihood of simplification, but this
3 argument is largely undercut by the reality that IPR has not yet been instituted").

4    The parties will know within three months whether the PTAB will institute *inter partes*
5 review of any of the patents-in-suit and, if so, of which claims.  Shopkick may renew its motion
6 for a stay at that time if appropriate.  It will not suffer undue prejudice in the intervening time.

7 **II.  DISCOVERY DISPUTES**

8    Novitaz moves to compel Shopkick to produce documents regarding its ownership.  Dkt.
9 No. 113.  Novitaz claims these documents are relevant to show that Shopkick failed to disclose its
10 ownership to the PTAB in connection with its petitions for *inter partes* review and for damages.
11 Novitaz's motion to compel is DENIED.  Since I am denying Shopkick's motion for a stay at this
12 stage, there is no urgency to this request.  The parties shall address this request through the normal
13 process of meeting and conferring about discovery disputes.  The issue is not yet ripe for judicial
14 intervention.  As I stated at the hearing on these motions, the parties are cautioned not to submit
15 disputes to the Court before satisfying their obligations to meet and confer in good faith.

16    The parties have submitted a joint letter concerning disputes over the parties' agreed
17 supplemental protective order regarding source code.  Dkt. No. 120.  The source code protective
18 order provides, among various provisions, that "[t]he source code shall be produced in a
19 searchable format on a stand-alone, non-networked computer with all ports disabled except for a
20 printer port used to connect the computer to a printer" and that the receiving party "shall not make
21 any electronic copies of source code, in whole or in part."  Dkt. No. 71 ¶¶ b, c.

22    Novitaz argues that the protective order permits (or should be clarified to permit) its
23 counsel to use his laptop and smartphone during source code review and to close the source code
24 review room door during the review.  Novitaz also requests that the protective order be modified
25 to allow the review to take place in its counsel's office or at a secure facility in Florida.  Finally,
26 Novitaz seeks sanctions for "wasted attorney's fees and expenses" related to source code review
27 on October 22, 2014 which was interrupted for around an hour and a half while the parties
28 disputed these provisions.

Novitaz's requests are DENIED. The source code protective order code, as drafted, does not allow for parties' counsel or other representatives to use laptops or smartphones during source code review or to review the source code behind closed doors. Novitaz has not presented compelling reasons that the protective order should be modified in those respects. In contrast, source code protective orders routinely entered in this Court provide that use of electronic devices, such as laptops and cell phones, is prohibited while accessing the source code. *See, e.g., Fujifilm v. Motorola*, Case No. 12-cv-3587 WHO (N.D. Cal. April 29, 2014) (amended stipulated protective order, ¶ 9(c) [Dkt. No. 122]); *Apple Inc. v. Samsung Electronics Co.*, Case No. 11-cv-01846-LHK (PSG) (N.D. Cal. Jan. 30, 2012) (protective order, ¶ 11(n) [Dkt. No. 687]). Source code protective orders likewise frequently provide that the producing party may visually monitor the activities of the reviewing party during source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. *Fujifilm*, amended stipulated protective order, ¶ 9(c); *Apple*, protective order, ¶ 11(n).

Concurrently with this order, I issue a Second Supplemental Protective Order Regarding Source Code to make it explicit that source code in this case shall be treated consistent with the practice in this District. This supplemental protective order supplements the Supplemental Protective Order Regarding Source Code filed by the parties at docket number 71.

I DENY Novitaz's request to modify the protective order to allow the review to take place in its counsel's office or at a secure facility in Florida. Novitaz has presented no compelling reason to depart from the parties' agreement to make the source code available at the office of the producing party's outside counsel. *See* Dkt. No. 71 ¶ b. I also DENY Novitaz's request for sanctions. Its counsel contributed to the limited disruption in the review by bringing his electronic devices into the source code review and insisting on closed door review.

## CONCLUSION

Shopkick's motion to stay is DENIED WITHOUT PREJUDICE as premature. Dkt. No. 105. Shopkick may re-notice its motion to stay for a hearing two weeks (or longer, at Shopkick's discretion) after it submits a supplemental brief of no more than five pages that asserts that the PTAB has granted at least one of Shopkick's petitions for *inter partes* review and describes the

impact that action may have on this case. Novitaz shall have seven days to respond, in a brief of no more than five pages.

Novitaz's motion to compel ownership documents is DENIED. Dkt. No. 113.

Novitaz's requests for modification to the source code protective order and for sanctions are DENIED. Dkt. No. 120. I separately issue a Second Supplemental Protective Order Regarding Source Code which addresses the disputes regarding the source code.

**IT IS SO ORDERED**.

Dated: March 18, 2015



WILLIAM H. ORRICK
United States District Judge